Freeland *et al.* *v.* Board of Supervisors of Jasper County.

GEORGE FREELAND, and SAMUEL WHEELER, Appellants, *v.* THE BOARD OF SUPERVISORS OF JASPER COUNTY, Appellees.

APPEAL FROM CRAWFORD.

In an action upon a bond, judgment should be so entered, that the whole may be satisfied, upon the payment of the damages.

It is the duty of the clerk of the Circuit Court to make a full transcript of all of the record. This court is not permitted to act upon his statements, given in the transcript, that papers were filed or withdrawn.

If three defendants demur, and, after the demurrer is withdrawn, two of them plead, a judgment *nil dicit* should be entered against the party not pleading, and the jury should assess the damages against all. If but two plead, and the other abided by his demurrer, he could not be regarded as going to trial with the others.

THIS cause was submitted *ex parte*. The opinion of the Court states all the points arising in the case.

A. KITCHELL, for Appellants.

WALKER, J. This was an action on a bond, for the penal sum of six hundred dollars, conditioned for the payment of the amount of a debt and costs, due from one Burnett, to the county of Jasper. It was executed by appellants and Isaac Clery. The obligors were all sued, but Wheeler was alone served with process. The sheriff also returned, that Freeland was not found, and makes no return as to Clery. A trial was

had, resulting in a judgment, against Wheeler and Freeland, for $600 debt and $462.24 damages.

It is first insisted, that this judgment is erroneous in not providing that the whole judgment shall be satisfied, on the payment of the damages. This is manifestly wrong, as the payment of the damages assessed on such a bond, is a satisfaction. Otherwise the plaintiff could collect both sums, and receive the full amount of damages sustained by the breach, as well as the penalty. *McConnell* v. *Swails,* 2 Scam. 572. This point has been so frequently decided by this court, that it must be regarded as settled.

The clerk states, in the transcript, that the defendants filed, and afterwards withdrew, a demurrer. It is not set out, nor is the order permitting its withdrawal given in the transcript. Even if we were authorized to receive this mere statement of that fact, inasmuch as there were three defendants, and only one served, as is shown by the record, we could not determine whether two or three of the defendants had entered their appearance, by filing a demurrer. If only two, then which of the three. But even if we could ascertain, whether it was all or only two, we are not permitted to act upon the statement of the clerk. He can only make and certify a transcript of the record of the Circuit Court. When the demurrer was filed, it became a part of the record in this case, as well as the order permitting it to be withdrawn. They should have been copied into the transcript. He also states, that pleas of *non est factum* and payment, on behalf of Freeland and Wheeler, were ordered to be entered of record, and if ever entered, the clerk, in making the transcript, has failed to insert them. If all of the defendants filed their demurrer, and only two of them, after it was withdrawn, plead to the action, the regular practice would have been, to have entered judgment *nil dicit* against the party not pleading, and let the jury assess the damages against all of the defendants. If but two plead, and the other abided by his demurrer, he could not be regarded as going to trial with the others. If Clery never entered his appearance, and Freeland did, then the judgment was rendered against the proper defendants. As the cause will be remanded for a new trial, we deem it unnecessary to discuss the evidence in the case.

The judgment of the Circuit Court is reversed, and the cause remanded.

*Judgment reversed.*